IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIEUNOUS CADEJUSTE, #258827 : | |
| LLOYD WATSON, #220319 : | |
| WAYNE POTTER, #255268 : | |
| : | |
| v. : | CIVIL ACTION NO. H-98-1741 |
| : | |
| JOHN MUELLER, CHIEF OF : | |
|   OPERATIONS | |
| LARRY RICE, SUPERVISOR : | |

..oOo..

**O R D E R**

This 42 U.S.C. § 1983 prisoner complaint was originally filed on June 2, 1998. While the three plaintiffs were granted leave to proceed *in forma pauperis*, pursuant to the requirements of 28 U.S.C. § 1915(b)(1)(A), they were each assessed an initial partial filing fee based upon a computation of 20% of the average monthly balances or deposits in their accounts for the preceding six month period.[1] (Paper No. 6.) Thereafter, pursuant to § 1915(b)(2) the plaintiffs were to make partial payments until such time as the remaining portion of the $150.00 filing fee was paid. (*Id.*)

On November 25, 1998, this Court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants. (Paper Nos. 20 & 21.) No appeal was filed.

---

[1] The initial partial filing fee for each plaintiff was computed as follows: (1) Dieunous Cadejuste-- $9.37; (2) Lloyd Watson-- $7.73; and (3) Wayne Potter-- $6.34. (Paper No. 6.)

Almost three weeks after the entry of that judgment plaintiff Lloyd Watson sought and was granted leave to withdraw from the lawsuit. (Paper No. 23.) In addition, on January 8, 1999, Watson was relieved of his continuing obligation to make monthly payments on the remainder of the $150.00 filing fee in light of the granting of his voluntary dismissal request.[2] (Paper No. 24.)

On February 4, 1999, plaintiff Cadejuste wrote the Clerk of the Court, demanding that no further fees be collected from his prisoner account in light of the dismissal of his case. (Paper No. 25.) In response, on February 22, 1999, this Court informed Cadejuste that the § 1915(b)(2) Order remained in effect and that he was not discharged from his continuing obligation to make partial fee payments. (Paper No. 26.)

The issue of filing fee payments has once again reared its head in this case. Plaintiff Cadejuste complains that he has paid over and above his share of the $150.00 fee payment in light of the multiple plaintiffs and requests that he only be required to pay one-third of the filing fee or $50.00. He further claims that in March 2000, the Finance Officer at the Eastern Correctional

---

[2] Because it appeared that the Finance Officer at plaintiff Watson's place of confinement continued to collect partial fee payments from Watson's prisoner account, an additional Order was issued on February 22, 1999, which again directed the cessation of filing fee collections as to Watson. (Paper No. 26.)

Institution took 33% of that month's income ($5.00), instead of the 20% as mandated under § 1915(b).

In addition, Cadejuste requests that the undersigned judge recuse himself from proceeding in any of his cases. He complains that this Court has illustrated its personal bias and prejudice toward him given the dismissal of his civil rights action and habeas corpus petition, as well as the rejection of his various motions.

I find no merit to plaintiff's requests. The disqualification and recusal of a federal judge may be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. *See* 28 U.S.C. § 144. A request for recusal must also be accompanied by a certificate stating that the motion is made in good faith. (*Id.*) Cadejuste does not convincingly demonstrate a need for recusal. There is no allegation of personal bias or prejudice caused by an extrajudicial source other than what the judge learned or experienced from his participation in the case. *United States v. Grinell Corp.*, 384 U.S. 563, 583 (1966); *Fitzgerald v. Penthouse International, Ltd.*, 691 F.2d 666, 672 (4th Cir. 1982). Indeed, where, as here, the source of the bias is not shown to be "outside the record or a related proceeding or [related

3

to the judge's] experience on the bench," it is not a sufficient basis for disqualification. *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)(emphasis added); *United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984). Plaintiff Cadejuste's dissatisfaction with the undersigned judge's rulings does not establish cause for recusal.

With respect to Cadejuste's challenge to the ongoing deduction of partial filing fees from his account and his request for an apportionment of the fee deductions, I shall reject his equity argument. The plaintiffs were directed to make initial filing fee payments under § 1915(a). Thereafter, they have a joint and severable obligation to continue to make partial fee payments pursuant to § 1915(b) until such time as the full $150.00 filing fee is paid in full. In cases where there are multiple prisoner plaintiffs there is no requirement under § 1915(b) that partial fee payments be divided equitably and apportioned among the prisoner plaintiffs. Simply put, partial fees are to be collected from whichever prisoner plaintiff account has funds over the minimum $10.00 amount set out in § 1915(b).

In this case all three plaintiffs were ordered to pay a specific initial partial filing fee. Plaintiffs Cadejuste and Watson have done so. All three plaintiffs were to make subsequent partial fee payments. However, Watson was discharged from so doing

because he sought and was granted leave to voluntarily dismiss his action. Therefore, at present, Wayne Potter remains under an obligation to pay his initial $6.34 partial filing fee and both he and Cadejuste are required to continue to remit partial fee payments.[3]

Accordingly, IT IS this 3rd day of May, 2000, by this Court hereby ORDERED that:

1. The Clerk of the Court MAIL a copy of this Order to the plaintiffs, Assistant Attorney General David P. Kennedy, and to the Finance Officer at the Eastern Correctional Institution.

_____
Alexander Harvey, II
Senior United States Judge

---

[3] To the extent that plaintiff Cadejuste wishes to complain about the amount of the March 2000 computer-generated fee deduction, it is suggested that he file an inquiry or remedy with prison authorities.

5